BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT  )
DUARTE, CALIFORNIA ON        )
JUNE 6, 1971                 )                DOCKET NO. 106

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On June 6, 1971, a United States Marine Corps Phantom Jet fighter and a Hughes Air West DC-9 commercial airliner collided in mid-air near Duarte, California. The pilot of the Phantom Jet and the 44 passengers and five crew members aboard the DC-9 received fatal injuries. The radar intercept officer aboard the Phantom Jet is the sole survivor of the collision.

More than thirty actions arising out of this crash have been filed in the Central District of California and have been assigned to Judge Peirson M. Hall. Nine other civil actions are pending in the District of Utah and two in the Western District of Washington. On its own initiative the Panel ordered the parties to these actions to show cause why they should not be transferred to a single district for coordinated or consolidated pretrial proceedings. On the basis of the responses to the Panel's order and the arguments presented at the hearing, we hold that to further the convenience of the

---

* Although Judges Wisdom and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

parties and witnesses and to promote the just and efficient conduct of the litigation the actions must be transferred to the Central District of California for pretrial proceedings.

All parties responding to the Panel's order to show cause concede that the Central District of California is the most appropriate district for transfer under Section 1407. We agree. The mid-air collision out of which these actions arise occurred in that district and both planes involved in the collision originally departed from locations within that district. In addition, the lone survivor of the crash and the majority of witnesses reside there. Furthermore, the majority of the litigation has been filed there, a document depository has been established and all parties have been participating in the discovery program being supervised by Judge Hall in that district.

The responding plaintiffs in the Utah and Washington actions argue, however, that any transfer should be limited to discovery relating to the issue of liability. They contend that discovery relating to the issue of damages is local in nature and does not concern questions of fact common to the other cases.

Section 1407(a) authorizes the Panel to "separate any claim, cross-claim, counterclaim, or third-party claim" from the remainder of the transferred action and to remand such claims to the transferor district. See, e.g., In re Hotel Telephone Charge Antitrust Litigation, ____ F. Supp. ____ (J.P.M.L. 1972); In re Penn Central Securities Litigation, 325 F. Supp. 309 (J.P.M.L. 1971). It does not authorize the Panel

to transfer one issue raised by a claim, such as liability, while remanding another issue raised by the same claim, such as damages. For this reason we deny respondents' request. Cf. In re Antibiotic Drugs Antitrust Litigation, 299 F. Supp. 1403 (J.P.M.L., April 3, 1969); In re Air Crash Disaster at Greater Cincinnati Airport, 298 F. Supp. 353 (J.P.M.L., Oct. 21, 1968). We also think it more conducive to effective judicial management to allow the transferee judge to determine whether and to what extent discovery on separate issues is appropriate for coordinated or consolidated pretrial proceedings. See, In re San Juan, Puerto Rico Air Crash Disaster 316 F. Supp. 981 (J.P.M.L., Aug. 6, 1970).

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in the District of Utah and the Western District of Washington be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Peirson M. Hall for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district.

SCHEDULE A                                            DOCKET NO. 106

## DISTRICT OF UTAH

| | |
|---|---|
| Coy M. Morris, et al. v. United States of America, et al. | Civil Action No. C-73-72 |
| Marian C. Dunn, et al. v. United States of America, et al. | Civil Action No. C-74-72 |
| Alice W. Mangum, et al. v. United States of America, et al. | Civil Action No. C-75-72 |
| Jeanne Pyke, et al. v. United States of America, et al. | Civil Action No. C-76-72 |
| Jeanne M. Pyke, et al. v. United States of America, et al. | Civil Action No. C-77-72 |
| Afton G. Allen, et al. v. United States of America, et al. | Civil Action No. C-78-72 |
| Virginia H. Pyke, et al. v. United States of America, et al. | Civil Action No. C-80-72 |
| Janet T. Schoenhals, et al. v. United States of America, et al. | Civil Action No. C-81-72 |
| John Jay Garcia, et al. v. United States of America | Civil Action No. C-92-72 |

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Margaret M. Reeves, etc. v. Hughes Air Corp., etc. | Civil Action 71 No. 71-1425-PH |
| In the Matter of the Petition of Glenda Gabel, etc. | Civil Action No. 71-1431-PH |
| Howard Brand, et al. v. Hughes Air West, Inc. | Civil Action No. 71-1465-PH |
| Norene E. Forgy, et al. v. Hughes Air West, Inc. | Civil Action No. 71-1555-PH |
| Glenda Gabel, etc. v. Hughes Air Corp., etc. | Civil Action No. 71-1595-PH |
| James D. Dean, M.D. v. Hughes Air Corp., etc. | Civil Action No. 71-1822-PH |
| Albert Denegal, Jr., etc. v. Hughes Air West, Inc. | Civil Action No. 71-1996-PH |

SCHEDULE A  -2-  DOCKET NO. 106

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ralph D. Miller, et al. v. Hughes Air Corp., etc. | Civil Action No. 71-2021-PH |
| Chase Apgar, et al. v. Hughes Corp., etc. | Civil Action No. 71-2253-PH |
| In the Matter of the Petition of Afton G. Allen, etc. | Civil Action No. 71-2334-PH |
| In the Matter of the Petition of Janet T. Schoenhals, et al. | Civil Action No. 71-2335-PH |
| In the Matter of the Petition of John Jay Garcia, etc. | Civil Action No. 71-2336-PH |
| In the Matter of the Petition of Virginia H. Pyke, etc. | Civil Action No. 71-2337-PH |
| In the Matter of the Petition of Jeanne M. Pyke, etc. | Civil Action No. 71-2338-PH |
| In the Matter of the Petition of Jeanne F. Pyke, etc. | Civil Action No. 71-2339-PH |
| Helen F. Fennell, etc. v. Hughes Air Corp., etc. | Civil Action No. 71-2528-PH |
| Glen Leroy Hunter, et al. v. Hughes Air Corp., etc. | Civil Action No. 71-2791-PH |
| In the Matter of the Petition of Alice Wilkinson Mangum, etc. | Civil Action No. 71-2796-PH |
| Otto Conrad Davidson, etc. v. Hughes Air Corp., etc. | Civil Action No. 71-2831-PH |
| Cynthia Kalbfleisch, etc. v. Hughes Air Corp., et al. | Civil Action No. 71-2878-PH |
| Michael Rene Garcia, etc. v. Hughes Air Corp., etc. | Civil Action No. 71-2932-PH |
| Glenda Gabel, etc. v. The United States of America, et al. | Civil Action No. 72-1-PH |
| John D. McCorden, et al. v. Hughes Air Corp., et al. | Civil Action No. 72-25-PH |
| Daniel Subic, et al. v. Hughes Air West, Inc. | Civil Action No. 72-54-PH |

| SCHEDULE | -3- | DOCKET NO. 106 |

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth W. Kaufman, etc. v. United States of America, et al. | Civil Action No. 72-344-PH |
| Lee C. Potter, et al. v. Hughes Air Corp., etc. | Civil Action No. 72-450-PH |
| Judith V. Wilkerson, etc. v. Hughes Air Corp., et al. | Civil Action No. 72-469-PH |
| Norene E. Forgy, et al. v. The United States of America, et al. | Civil Action No. 72-633-PH |
| Michael Rene Garcia, etc. v. United States of America | Civil Action No. 72-635-PH |
| Helen E. Fennell, etc. v. The United States of America, et al. | Civil Action No. 72-875-PH |
| Howard Brand, et al. v. The United States of America | Civil Action No. 72-924-PH |

### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Carol Nicolay, etc. v. United States | Civil Action 262-72 |
| Etta Mae Bruner, etc. v. United States of America | Civil Action No. 329-72C2 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FEB -1 1973

IN RE DUARTE, CALIFORNIA AIR    )
CRASH DISASTER ON JUNE 6, 1971  )     DOCKET NO. 106

James S. Phillips, etc. v. Hughes
Air Corp., D.C., Civil Action No.
1108-72

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On June 6, 1971, a Marine Corps aircraft collided in mid-air with a Hughes Air West passenger plane and in July 1972 the Panel transferred more than 30 actions arising from that collision to the Central District of California for coordinated or consolidated pretrial proceedings. In re Duarte, California, Air Disaster Litigation, 346 F. Supp. 529 (J.P.M.L. 1972). The Phillips action, brought by the parents of the Marine Corps pilot killed in the collision, was subsequently filed in the District of Columbia and was the subject of a conditional transfer order to the Central District of California, entered by the Clerk of the Panel pursuant to the Panel's Rule 12. 53 F.R.D. 119, 123 (J.P.M.L. 1971). The sole defendant, Hughes Air, has expressed its opposition to the proposed transfer. On the basis of the briefs and oral argument, we order the Phillips action transferred to the Central District of California.

---

*   Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.

Hughes has moved to dismiss or to quash process in the Phillips action on the grounds that it was not doing business in the District of Columbia and that service upon it was, therefore, improper. The plaintiffs have moved for a continuance of that motion pending answers to certain interrogatories and Hughes has moved to strike those interrogatories. None of these motions has been argued before the District of Columbia court.

Hughes contends that the action should be left with the transferor court for decision of the motion to dismiss because the transferor court has a greater familiarity with the relevant laws. This argument is unconvincing. As Hughes conceded at oral argument, its motion to dismiss is clearly a pretrial motion which may appropriately be decided by the transferee court and the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges. See, e.g., In re Puerto Rico Air Disaster Litigation, 340 F. Supp. 492(D.P.R. 1972).

Hughes also argues that the Phillips action is factually different from the cases previously transferred because it arises from the death of the Marine Corps pilot rather than from the deaths of the passengers and crew on the Hughes airplane and raises the legal issues of assumption of risk and contributory negligence. While different legal issues may be raised by the Phillips complaint, we think the factual issues in the case are sufficiently common to warrant transfer for pretrial coordination or consolidation.

- 3 -

IT IS THEREFORE ORDERED that the action entitled James S. Phillips, etc. v. Hughes Air Corp., District of Columbia, Civil Action No. 1108-72, be, and the same hereby is, TRANSFERRED to the Central District of California and, with the permission of that court, assigned to the Honorable Peirson Hall for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the other actions pending in that district and assigned to Judge Hall.